# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

JAMES H. CRAWFORD, )
)
    Petitioner, )
)
vs. )
)
STATE OF TENNESSEE, )
)
    Respondent. )

**FILED**

April 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

C. C. A. NO. 02C01-9712-CR-00471

SHELBY COUNTY

No. P-19110

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order under Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The record has been filed and the petitioner has submitted his appellate brief.

The record reflects that the petitioner pled guilty to two drug charges in 1988, and received two concurrent four year sentences. No appeal was taken. In 1990, upon an undisclosed charge, the petitioner was sentenced in federal court to a term of 292 months as a career offender. The two 1988 state convictions were used to enhance the term of confinement. The petitioner is currently in federal custody.

In November 1997, the petitioner filed a petition for writ of habeas corpus in the trial court. The petitioner alleged that his guilty pleas were unconstitutional because the trial court failed to inform him of his right against compulsory self-incrimination and right to confront his accusers. The petitioner insisted that the petition not be considered a petition for post-conviction relief. On December 4, 1997, the trial court dismissed the petition for two reasons: 1) the trial court was without authority to grant the writ of habeas corpus because the petitioner was not under a Tennessee order of restraint, and 2) despite the petitioner's insistence, if considered a petition for

post-conviction relief, the petition is time-barred.

The sentences imposed upon the petitioner from his 1988 state convictions have expired and the record reflects that the petitioner is currently in federal custody serving a federal sentence. Accordingly, the courts of this state have no authority to issue a writ of habeas corpus for the petitioner in this instance. T.C.A. §§ 29-21-101, 102. The petition for writ of habeas corpus was therefore properly dismissed.

Furthermore, the petition is barred by the statute of limitations of the Post-Conviction Procedure Act. Pursuant to T.C.A. § 40-30-202(a)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely.[2]

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for writ of habeas corpus. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1] The petition in this case was filed on November 12, 1997, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

[2] The petition would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).

Enter, this the ___ day of March, 1998.


_____
JOE G. RILEY, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE